IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Nationwide Agribusiness Insurance Company, | ) ) ) | Civil Action No.: 4:12-cv-00831-RBH |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| Harry Walters, | ) ) | |
| Defendant. | ) ) ) | |

Plaintiff Nationwide Agribusiness Insurance Company ("Plaintiff") filed this declaratory judgment action against Defendant Harry Walters ("Defendant") alleging Defendant had no insurable interest in the supposedly insured property at issue, which caught fire on December 4, 2011. This matter is before the Court on Plaintiff's Motion for Summary Judgment [Doc. # 11]. For the reasons discussed below, Plaintiff's Motion is granted.[1]

**Undisputed Facts**[2]

The property at issue in this case, located at 1175 Keith Town Road in Society Hill, South Carolina, was purchased by Defendant's wife, Sylvia Walters, in 1984. Ms. Walters thereafter transferred an undivided one-half interest in the property to her daughter, Leslie Freeman, in 2001.

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

[2] The facts stated in Plaintiff's Motion, which this Court adopts, are supported by the records submitted in conjunction with Plaintiff's Motion. Further, Defendant does not contest Plaintiff's factual assertions. In fact, Defendant's Response to Plaintiff's Motion was due nearly two months ago, on February 19, 2013, Defendant has yet to file his Response. For this reason alone, the Court would be entitled to enter summary judgment for Plaintiff. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding that a party in a civil case meets the requirements of proving summary judgment when the represented opposing party fails to file a response).

In September 2008, Ms. Walters transferred her remaining interest in the property to Ms. Freeman, making Freeman the sole owner of the property. For a time thereafter, Ms. Freeman allowed her mother and Defendant to live at the property.

In July 2009, nearly a year after Ms. Freeman became the sole owner of the property, Defendant applied to Plaintiff Nationwide for the subject policy of insurance on for the property. The application describes the property as owner occupied, although neither Defendant nor his wife owned any interest in the Society Hill property. In reliance on Defendant's representations, Plaintiff issued the policy.

Ms. Walters later contested her transfers to Ms. Freeman, resulting in Ms. Freeman filing a civil action in 2010. An order was entered in Court of Common Pleas for Chesterfield County ruling that Ms. Freeman owned the property in fee simple absolute. However, based on an agreement of the parties reflected in the Order, Defendant and his wife were permitted to remain on the property so long as Defendant or his wife paid the property taxes when due and paid certain monthly payments.

Defendant and his wife failed to make any of the required payments. As provided for in the state court order, Ms. Freeman executed an Affidavit of Non-Compliance, and Defendant was ultimately evicted from the property two days before Thanksgiving in 2011. The fire at issue occurred approximately ten days later on December 4, 2011, in the middle of the night. Defendant has been indicted on the charge of arson relating to this fire, and that criminal case is pending in Chesterfield County.

Although Plaintiff asserted in its Complaint that no coverage exists because Defendant held no insurable interest and based upon the policy's intentional act exclusion, Plaintiff limits its Motion

for Summary Judgment to its claim that Defendant lacked an insurable interest in the property.

## **Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). Summary judgment is not "a disfavored procedural shortcut;" rather, it is an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Id*. Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or by "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence

offered is such that a reasonable jury might return a verdict for the non-movant. *Id*. at 257. In determining whether a genuine issue has been raised, a court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962).

The existence of *a mere scintilla* of evidence in support of the non-movant's position is insufficient to withstand a summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'n Satellite Corp*., 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## Discussion

"In order to recover on a policy of insurance, the insured must prove an insurable interest in the property both at the time the policy is issued and becomes effective and at the time of the loss." *Browning v. Browning*, 366 S.C. 255, 264, 621 S.E.2d 389, 394 (Ct. App. 2005) (quoting *Powell v. Ins. Co. of N. Am.*, 285 S.C. 588, 589-90, 330 S.E.2d 550, 551–52 (Ct. App. 1985) (citations omitted)).

In *Abraham v. New York Underwriters Ins. Co.*, 187 S.C. 70, 196 S.E. 531 (1938), Ida Abraham purchased a fire insurance policy on a home that subsequently suffered fire damage. Prior to the loss, the house was foreclosed on. The South Carolina Supreme Court held that Abraham "was divested of all interest in this property by the foreclosure proceedings and had no insurable interest in the burned property, either at the time the insurance was applied for or at the time the property

was burned." *Id*. at 534. Because Abraham had no insurable interest in the property, the fire insurance policy "was a wagering contract or policy" and was "contrary to good morals and against public policy." *Id*. The court held that no coverage under the policy existed for the fire loss. *Id*.

In *South Carolina Ins. Co. v. White*, 301 S.C. 133, 134, 390 S.E.2d 471, 473 (Ct. App. 1990), the insureds had two mortgages on the property. After the inception of the policy, the first mortgagee foreclosed on the property and the second mortgagee purchased title to the property. *Id.* The insureds remained on the property even after the second mortgagee demanded that they vacate. *Id.* The second mortgagee and the insureds entered into a contract to purchase within sixty days, which allowed the insureds to remain in possession and required the insureds to maintain homeowner's insurance. *Id.* The insureds defaulted on the sales contract, and the second mortgagee notified the insureds that it intended to reinstitute eviction proceedings. *Id.* The house burned the next day. *Id.* The court held that the insureds did not have any insurable interest in the house. The insureds did not have any remaining ownership interest in the house and their equitable interest based upon the sales contract expired when they defaulted on the contract. Because the insureds lacked an insurable interest at the time of the fire, the insureds could not recover under their insurance policy for the loss of the house. *Id*. at 138, 390 S.E.2d at 474–75.

Like the insureds in *Abraham* and *White*, Defendant did not have any insurable interest in the property at issue. According to the undisputed facts in this case,[3] Defendant applied for the policy eight months after the title to the property at issue was transferred in fee simple to Ms. Freeman. Moreover, any possessory interest that Defendant could claim was destroyed when he

---

[3] As discussed above, the facts are supported by the record and uncontested by Defendant, who failed to file any Response to Plaintiff's Motion.

failed to make the payments required pursuant to the state court's order and Defendant's daughter had him successfully evicted before the fire. Because Defendant did not have any insurable interest in the property when the policy was issued or on the date of loss, the policy is void and no coverage exists for the fire loss.

## Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 11] is **GRANTED**.

The Court **FURTHER DECLARES** that in December 2011, at the time of the fire giving rise to the claim at issue, Defendant had no insurable interest in the property located at 1175 Keith Town Road, Society Hill, Chesterfield County, South Carolina; thus the policy at issue, Nationwide Policy Number 61 39 PE 014889, was void at the time of the fire.

**IT IS ALSO ORDERED** that all other pending motions are **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
April 11, 2013